UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-cv-60315-WPD

GENIE-S INTERNATIONAL LTD.,

    Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
A,

    Defendants.
_____/

**DECLARATION OF LEIGH SALOMON IN SUPPORT OF
PLAINTIFF'S *EX PARTE* MOTION FOR ORDER
AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS**

I, Leigh Salomon, declare and state as follows:

1. I am over 18 years of age, and I have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants (the "Motion for Alternate Service"). If called upon to do so, I could and would competently testify to the following facts set forth below.

2. I am counsel of record for Plaintiff, GENIE-S INTERNATIONAL LTD. ("GENIE-S" or "Plaintiff").

3. Plaintiff has yet to provide Defendants with notice of this action.

4. Plaintiff is creating a serving notice website that will provide Defendants with notice of this lawsuit, including by providing online the Complaint, Summons, any Temporary Restraining Order, and any other relevant documents filed in this case ("Plaintiff's Serving Notice

Website").

5. Defendants are further able to receive notice of this action by e-mail via the e-commerce marketplace platform that Defendants use to conduct their commercial transactions via the Seller IDs. Defendants rely on and use e-mail addresses that Defendants provide to the Marketplace Platforms and other third-party payment processors as a means of communication.

6. The address to Plaintiff's Serving Notice Website will be provided to Defendants via e-mail to Defendants' known e-mail accounts and will be included upon service of process in this matter.

7. Plaintiff will provide Defendants with notice of this action electronically by providing Defendants with the address to Plaintiff's Serving Notice Website to their corresponding e-mail addresses. In this manner, Defendants will receive a web address at which they can access relevant electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures.

8. Defendants have structured their e-commerce store businesses so that the means for customers to purchase Defendants' infringing goods at issue is by placing an order electronically. Defendants take and confirm orders online and rely on electronic means to receive payment.

9. In most instances, Defendants must provide an email address and physical address to the third-party platforms through which Defendants operate, including Alibaba, AliExpress, Amazon, eBay, Shein, Temu, and Walmart (together, the "Marketplace Platforms").

10. To operate storefronts on the Marketplace Platforms, Defendants must have provided at least one accurate contact e-mail. Without a valid, working e-mail address, Defendants would have no means of receiving communication about orders or payment on their internet storefronts, and consequently would not be able to sell on the Marketplace Platforms.

11. Based upon counsel's experience in past actions, the Marketplace Platforms will identify Defendants' contact e-mail addresses when presented with a Temporary Restraining Order requiring expedited discovery of the same.

12. Few, however, if any Defendants purport to provide any type of address to these third-party platforms much less a valid, accurate, and verifiable physical address.

13. Unlike an email address, which is typically verified by the third-party online platforms, no verification typically occurs for physical addresses.

14. Because an Internet store operator can often input any physical address, such addresses are usually false and/or are not where the Internet store operator is located.

15. Even if a physical address is discoverable, it is not a reliable means for identifying and locating Defendants.

16. Indeed, a January 2020 publication on counterfeiting by the Department of Homeland Security ("DHS") cites a "lack of relevant policies and procedures to verify sellers' true names and addresses" by third party platforms, which "contributes to a range of impediments to effective enforcement." *See* **Exhibit 1**, "Combating Trafficking in Counterfeit and Pirated Goods" (Jan. 24, 2020), at 24.

17. Service on Defendants by e-mail and by posting on Plaintiff's Serving Notice Website will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiff's claims. Based upon Plaintiff's investigation, each Defendant utilizes e-mail as its principal means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action.

18. Service by posting on Plaintiff's Serving Notice Website will be an additional

source of reliability as Defendants will be able to see copies of the Complaint and other relevant documents in this matter electronically via their Internet browser.

19. Based upon the data provided in connection with Defendants' Internet based e-commerce stores, including the shipping information and payment data provided in connection with Defendants' Seller IDs, Plaintiff has good cause to suspect many Defendants are residing and/or operating in the People's Republic of China ("China") or other foreign jurisdictions and/or redistribute products from sources in those locations.

20. The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). The Hague Service Convention does not preclude a U.S. district court from authorizing service of process via e-mail or posting on a designated website. Thus, there are no international agreements prohibiting service by e-mail or posting on a designated website.

21. Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. *See* Hague Convention, Art. 10, 20 U.S.T. 361 (1969). China has objected to the alternative means of service outlined in Article 10 of the Convention. However, China's objection is specifically limited to the means of service enumerated in Article 10, which do not include service via email or website posting.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed the 19th day of February, 2025, in Miami, Florida.

*/s/ Leigh Salomon*
Leigh Salomon