UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-60315-WPD

GENIE-S INTERNATIONAL LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.

_____/

**[PROPOSED] ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

THIS MATTER comes before the Court upon the Plaintiff GENIE-S INTERNATIONAL LTD.'s ("Plaintiff"), Motion for Final Default Judgement dated May 15, 2025 ("Motion").

A Clerk's Default [DE 41] was entered against Defendants on April 24, 2025, as the Defendants failed to appear, answer, or otherwise plead to the Complaint, despite having been served (the "Defaulting Defendants"). The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is **GRANTED**.

**I.      INTRODUCTION**

Plaintiff sued Defendants for utility patent infringement pursuant to 35 U.S.C. §§ 271. The Complaint alleges that Defendants are directly and/or indirectly importing, developing, designing, manufacturing, distributing, marketing, offering to sell, and/or selling products (the "Infringing Products") that infringe U.S. Patent Nos. 8,079,388 B2 and 8,881,775 B2 (the "Beauty Union Global Limited Utility Patents") and 9,738,437 B2, 8,978,938 B2, and 9,522,403 B2 (the "Dongguan Yixin Magnetic Disk Co. Ltd Utility Patents") (collectively the "GENIE-S Patents"),

into the Southern District of Florida, by operating the Defendants' Internet-based e-commerce stores operating under each of the Seller IDs identified on the Amended Schedule A attached to this Order (the "Seller IDs").

Plaintiff further asserts that Defaulting Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defaulting Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from manufacturing, distributing, selling, offering for sale, and/or importing the patented inventions, as well as the loss of sales stemming from the infringing acts.

In its Motion for Final Default Judgment, Plaintiff requests that the Court (1) enjoin Defaulting Defendants'[1] unlawful use of the GENIE-S Patents; (2) award Plaintiff damages in the form of lost profits, enhanced for willfulness; and (3) instruct any third-party financial institutions in possession of any funds restrained or held on behalf of Defendants to transfer these funds to Plaintiff in partial satisfaction of the award.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first

---

[1] Defaulting Defendants are the Individuals, Corporations, Limited Liability Companies, Partnerships, and/or Unincorporated Associations identified on the Amended Schedule A to Plaintiff's Motion, and Amended Schedule A to this Order.

determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.; see also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default …"). Upon a review of Plaintiff's submissions, it appears there is a sufficient basis in the pleadings and evidence for default judgment to be entered in favor of Plaintiff.

## II.     FACTUAL BACKGROUND[2]

Plaintiff has been granted licenses and rights to enforce several U.S. Patents covered by at least the GENIE-S Patents, which were duly and legally issued by the United States Patent and Trademark Office. *See* Exhibit 1 to the Complaint (Dkt.1-1). GENIE-S Products, which utilize the technology of, and inventions claimed in, at least a portion the GENIE-S Patents, are known for their innovative and superior performance. As a result, the GENIE-S Products are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff. *See* Declaration of Pamela Hui ("Hui Decl.") [DE 10-1], ¶ 7.

Defaulting Defendants, through the various Internet-based e-commerce stores operating under each of the Seller IDs identified in the attached Amended Schedule A, have advertised, promoted, offered for sale, sold, and/or imported products that appear to be genuine GENIE-S Products, but which are actually inferior and unauthorized imitations of the GENIE-S Products. *See id.*, ¶¶ 9–15.

Plaintiff has submitted sufficient evidence showing that each Defaulting Defendant has infringed, at least, one or more of the claims in the GENIE-S Patents. *See id.*; *see also* Exhibit 1[3]

---

[2] The factual background is taken from Plaintiff's Complaint [DE 1], Plaintiff's Motion, and supporting evidentiary submissions.
[3] Evidence of each Defaulting Defendant's infringement is attached as Exhibit 1 to the Declaration of Leigh Salomon in Support of Plaintiff's Motion for Entry of Final Default Judgment.

to Declaration of Leigh Salomon in Support of Plaintiff's Motion for Entry of Final Default Judgment ("Salomon Decl."). Defaulting Defendants are not now, nor have they ever been, authorized or licensed to use the GENIE-S Patents. *See* Hui Decl., ¶ 21.

As part of its ongoing investigation regarding the sale of infringing products, Plaintiff hired a third-party investigator to access Defendants' Internet-based e-commerce stores operating under each of the Seller IDs. The third-party investigator initiated orders from each Seller IDs for the purchase of various products, all infringing, or suspected of infringing, the GENIE-S Patents, and requested that each product to be shipped to an address in the Southern District of Florida. Accordingly, Defaulting Defendants' products are being promoted, advertised, offered for sale, sold, and/or imported by Defaulting Defendants within this district and throughout the United States. *See* Hui Decl., ¶¶ 13–15. A representative for Plaintiff personally analyzed the infringing items where orders were initiated via each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed webpage captures and images of the items utilizing the technology or inventions claimed in the GENIE-S Patents, and concluded the products were non-genuine, unauthorized GENIE-S Products. *See id.*

### III.   ANALYSIS

#### A.   Jurisdiction Over Plaintiff's Claim

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. § 1 *et seq.*, §§ 271, 281, 282, 283, 284, 285. Personal jurisdiction over the Defaulting Defendants and venue in this district are proper under Florida Statutes § 48.193(1)(a)(2), § 48.193(1)(a)(1), and 28 U.S.C. § 1391(b) as the Defaulting Defendants direct business activities toward consumers throughout the United States, including within the State of Florida and this district, and cause harm to Plaintiff's business (that also qualifies as "tortious

4

acts") within this jurisdiction through the Internet-based e-commerce stores and websites operating under the Seller IDs.  *See* Compl., ¶¶ 11–15.

B. **Liability**

1. **Patent Infringement Pursuant to 35 U.S.C. § 271**

To establish patent infringement a plaintiff must establish that the defendant has made, used, sold or offered for sale a product that meets at least one of the claims of the asserted patent. 35 U.S.C. § 271(a).  The plaintiff must establish that "every limitation set forth in a claim [is] found in an accused product..." *Becton, Dickinson & Co. v. Tyco Healthcare Group, LP,* 616 F.3d 1249, 1253 (Fed. Cir. 2010) (quoting *Southwall Techs., Inc. v. Cardinal IG Co*., 54 F.3d 1570, 1575 (Fed. Cir. 1995)).

The well-pled factual allegations of Plaintiff's Complaint, including those pled in paragraphs 26–51 [DE 1], properly allege the elements for patent infringement.  Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defaulting Defendants' liability under the claim asserted in the Complaint.  *See* Hui Decl., ¶¶ 9–15 (demonstrating that each Defendant has offered for sale, sold, or imported into the United States at least one product that meets each limitation of at least one claim of the GENIE-S Patent); Salomon Decl. Ex. 1.  Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

C. **Injunctive Relief**

A district court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.  "[I]n a default judgment setting, injunctive relief is available. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further

infringement absent an injunction." *Atmos Nation, LLC v. Pana Depot, Inc.*, No. 14-CIV-62620, 2015 WL 11198010, at *2 (S.D. Fla. Apr. 8, 2015); *see also Jackson v. Sturkie*, 255 F. Supp. 2d. 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief."). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1222-23 (S.D. Fla. 2004).

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). A court's analysis of these factors "proceeds with an eye to the 'long tradition of equity practice' granting 'injunctive relief upon a finding of infringement in the vast majority of patent cases.'" *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1362 (Fed. Cir. 2012) (citation omitted). Indeed, "[a]bsent adverse equitable considerations, the winner of a judgment of validity and infringement may normally expect to regain the exclusivity that was lost with the infringement." *Edwards Lifesciences AG v. CoreValve, Inc.*, 699 F.3d 1305, 1314 (Fed. Cir. 2012) *cert. denied*, 134 S. Ct. 82 (2013). Plaintiff has carried its burden on each of the four factors, rendering permanent injunctive relief appropriate. First, Plaintiff is irreparably harmed. As alleged and supported by the declarations previously submitted, Defaulting Defendants' acts of infringement have eroded Plaintiff's market for the GENIE-S Products and impacted Plaintiff's goodwill. *See* Hui Decl., ¶¶ 27–32. Indeed, the Defaulting Defendants' Infringing Products cause consumer confusion, which weakens Plaintiff's credibility and reputation, resulting in a loss of unquantifiable future sales. *Id*.,

6

¶ 30. Moreover, the Infringing Products are in direct competition with GENIE-S Products. As a result, Plaintiff's market position is being irreparably damaged by Defaulting Defendants' continued infringement. *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012) ("Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude.").

The second factor favors a permanent injunction as well. Since Defaulting Defendants have failed to appear, Plaintiff does not have the ability to discover the full extent of monetary damages it could recover from Defaulting Defendants to compensate Plaintiff for Defaulting Defendants' infringement. Thus, there is no adequate remedy at law. *Enpat, Inc. v. Budnic*, No. 6:11-CV-86-PCF-KRS, 2011 WL 1196420, at *4 (M.D. Fla. Mar. 29, 2011) (defendant's refusal to appear in the case "reinforces the inadequacy of a remedy at law and the irreparability of the harm absent an injunction"). Additionally, Plaintiff has no adequate remedy at law so long as Defaulting Defendants continue to use the GENIE-S Patents in connection with the operation of the e-commerce stores under the Seller IDs because Plaintiff will have no control of the quality of the goods that could be associated with GENIE-S Products. An award of money damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defaulting Defendants' infringing actions are allowed to continue.

The third factor—the balance of harm—also weighs in Plaintiff's favor and warrants the equitable remedy of a permanent injunction. Plaintiff has a significant interest in enforcing the patent rights granted to it, and in fact spends significant resources protecting and enforcing its intellectual property. Hui Decl., ¶¶ 8, 9, and 29. Enjoining Defaulting Defendants is critical to prevent hardship to Plaintiff from loss of sales and/or injury to Plaintiff's reputation and goodwill.

By contrast, Defaulting Defendants face no hardship if they are prohibited from the infringement of Plaintiff's patents, which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against Defaulting Defendants to prevent consumers from being misled by Defaulting Defendants' infringing products. *See Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.,* 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defaulting Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, and the infringing goods destroyed, Defaulting Defendants will be free to continue infringing Plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defaulting Defendants are conducting their unlawful activities.

### D. Damages for Patent Infringement

Damages for patent infringement are governed by 35 U.S.C. § 284, which provides that "[u]pon finding for the claimant, the court shall award the claimant damages adequate to

compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." Utility patent infringers may be liable for lost profits or a reasonable royalty. *See MCP IP, LLC v. .30-06 Outdoors, LLC*, No. 2:21-CV-0581, 2022 WL 3367358, at *7 (S.D. Ohio Aug. 16, 2022) ("For utility patents, there are [t]wo alternative categories of infringement compensation: (1) the patentee's lost profits; and (2) the reasonable royalty" (cleaned up)); *Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1445 (Fed. Cir. 1990) ("The two methods by which damages are usually calculated under § 284 are assessment of actual damages (the profits the patentee lost due to the infringement) or, if actual damages cannot be ascertained, determination of a reasonable royalty."). "[T]he general rule for determining actual damages to a patentee that is itself producing the patented item is to determine the sales and profits lost to the patentee because of the infringement." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995). The Patent Act provides that "[u]pon finding for the claimant, the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. These damages may be increased "up to three times the amount found or assessed." *Id.; see also Halo Elecs., Inc. v. Pulse Elecs., Inc., 579 U.S. 93, 103 (2016).* There is no "rigid formula" for awarding enhanced damages; a court has "discretion in meting out enhanced damages." *Halo,* 579 U.S. at 107. In determining damages for patent infringement, "the focus is on compensating the patentee or the plaintiff for this injury." *IMX, Inc. v. E-Loan, Inc.*, 748 F. Supp. 2d 1354, 1361 (S.D. Fla. 2010). "[T]he general rule for determining actual damages to a patentee that is itself producing the patented item is to determine the sales and profits lost to the patentee because of the infringement." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995). Pursuant

9

to 35 U.S.C. § 284, Plaintiff has elected to recover an award of lost profits, trebled for willful infringement.

As courts have noted in analogous cases involving design patent infringement, "after a plaintiff in a patent action submits admissible evidence of an infringer's gross profit," "it is the infringer's burden to submit admissible evidence to establish that other expenses and costs should be deducted from that profit." *Evriholder Prods. LLC v. Simply LBS Ltd. Co.*, No. 17-cv-4329, 2020 WL 7060336, at *9 (S.D.N.Y. Apr. 21, 2020). When calculating an infringer's profits, courts have held in similar contexts that, where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See Chloe*, 2009 WL 2956827 at *5 (entering profits award for the entire revenue amount in trademark infringement case even though "records offer no guidance as to how much of this revenue stream related to [Plaintiff's] products [as opposed to other products not at issue in this case] or as to the costs incurred in acquiring and selling these products."); *New York Racing Ass'n, Inc. v. Stroup News Agency Corp.*, 920 F. Supp. 295, 301 (N.D.N.Y. 1996) (calculating lost profits based on gross figures where defendant offered no evidence of cost of goods sold) (citing *Am. Honda Motor Co. v. Two Wheel Corp.*, 918 F.2d 1060, 1063 (2d Cir. 1990) ("Ordinarily, a plaintiff that has proved the amount of infringing sales would be entitled to that amount unless the defendant adequately proved the amount of costs to be deducted from it.")); *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) (placing burden on defendant to show that certain portions of its revenues were not obtained through infringement of plaintiff's marks).

The Defaulting Defendants have chosen not to participate in these proceedings, but Plaintiff provided information regarding the Defaulting Defendants' profits from the sale of Infringing Products obtained in third-party discovery. *See* Exhibit 2 to the Salomon Declaration;

Salomon Decl., ¶ 3. The Defaulting Defendants have failed to appear in this matter and have not produced additional documents or information (1) characterizing each of the transactions in their financial accounts; (2) other accepted payment methods; or (3) other Internet stores that they may be operating. As a result, the Defaulting Defendants have not attempted to apportion gross receipts between infringing and not-infringing product sales, or to show any deductions.

Since the Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, Plaintiff requests an award of damages in the form of lost profits based on the Gross Merchant Value ("GMV") provided by the marketplace platforms, which is the sales price of infringing goods multiplied by the number of goods sold. The information provided by the marketplace platforms for the Defaulting Defendants indicates that those amounts range from $0 to $364,279.98.[4] Salomon Decl. at ¶ 3. A breakdown of the GMV by each Defaulting Defendant and Plaintiff's requested profit award under 35 U.S.C. § 284 is provided in the chart in Exhibit 2 to the Salomon Decl.

A default monetary judgment is appropriate in this case without the need for a hearing. "Evidentiary hearings are required in all but limited circumstances, such as when hearing any additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 744 (11th Cir. 2017); *S.E.C. v. Smyth*, 420 F.3d 1225, 1231–32 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record."); *UMG Recording, Inc. v. Roque*, No. 08- 21259-CIV, 2008 WL 2844022 at *1 (S.D. Fla. July 23, 2008) ("Where all the essential evidence is of record, an evidentiary

---

[4] For any Defaulting Defendants with a GMV of $0, Plaintiff does not seek damages, only injunctive relief.

hearing on damages is not required . . . ."). As the damages are for a sum certain and as the essential evidence is of record and sets out the amounts owed, an evidentiary hearing is not necessary.

Here, the allegations in the Complaint, which are taken as true, along with the evidence in this case, demonstrate Defaulting Defendants intentionally infringed at least one of the GENIE-S Patents. Based on the above considerations, Plaintiff suggests that the Court award monetary damages to deter Defaulting Defendants and others from continuing to infringe Plaintiff's patents, compensate Plaintiff, and punish Defaulting Defendants. The Court finds that this award of damages falls within the permissible range under 35 U.S.C. 284 and is just.

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED** against those Defaulting Defendants listed in the attached Amended Schedule A. Final Default Judgment will be entered by separate order.

DONE AND ORDERED in Chambers at _____, Florida, this \_\_\_ day of \_\_\_\_, 2025.

**WILLIAM P. DIMITROULEAS**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

**Amended Schedule A**

| DOE No. | Seller Name | Defendant Online Marketplace |
|---|---|---|
| 1 | Guangzhou Chengchuang Packaging Products Co., Ltd. | https://ccsj888.en.alibaba.com/index.html?spm=1601227332949 |
| 2 | Jiangsu Delantai Glass Products Co., Ltd. | https://jsdlt.en.alibaba.com/index.html?spm=1601210590097 |
| 3 | Jiangsu Yifan International Trade Co., Ltd. | https://yifanguomao.en.alibaba.com/index.html?spm=1601117277237 |
| 4 | Nantong Xinde Medical Packing Material Co., Ltd. | https://nantongxinde.en.alibaba.com/index.html?spm=1601304992763 |
| 5 | Ningbo Sunwinjer Daily Products Co., Ltd. | https://nbsunwinjer.en.alibaba.com/index.html?spm=1601258053236 |
| 6 | Shaoxing Camil Packaging Co., Ltd. | https://camil.en.alibaba.com/index.html?spm=1600401361321 |
| 7 | Ageless Beauty Care | https://www.aliexpress.com/store/1101047929 |
| 9 | beijingchuangweifuxingkejiyouxiangongsi | https://www.amazon.com/sp?seller=A351C5ITPCFFCP |
| 11 | DABEL TRADING | https://www.amazon.com/sp?seller=A86HOA1V4UGXD |
| 12 | D-LOTUS | https://www.amazon.com/sp?seller=A38XALPPJQI0K9 |
| 14 | eStarpro | https://www.amazon.com/sp?seller=ALJ5FM85WQ78C |
| 16 | Fivexing | https://www.amazon.com/sp?seller=AQGHBZ4K6R4ZK |
| 17 | frsmghx | https://www.amazon.com/sp?seller=A2CNLR4ZM4HU8 |
| 18 | Good night department store | https://www.amazon.com/sp?seller=A2ZL3BIT8XWMQ5 |
| 21 | Jiefuxin official store | https://www.amazon.com/sp?seller=A2MY3SH4LK6GE |
| 22 | KayzonTech | https://www.amazon.com/sp?seller=A2R2F1FMLB9PHP |
| 30 | Shenzhen Censung International Trading Company | https://www.amazon.com/sp?seller=A3R3Q8OXTQU52S |
| 31 | shuifenzh | https://www.amazon.com/sp?seller=A3QXX5BXM4201N |
| 32 | Skogfe | https://www.amazon.com/sp?seller=A2TOMR9AL8IO66 |
| 35 | walalala | https://www.amazon.com/sp?seller=A210YH762GTP47 |
| 38 | YANGDOUS | https://www.amazon.com/sp?seller=A196OHRVZ74166 |
| 41 | ZHAOMEI-US | https://www.amazon.com/sp?seller=A3U3P2M00T8J1L |
| 43 | byomo-pi | https://www.ebay.com/str/byomopi |
| 44 | chrismastore | https://www.ebay.com/usr/chrismastore |
| 46 | elijah_alvarbez | https://www.ebay.com/usr/elijah_alvarbez |
| 47 | fatwi56 | https://www.ebay.com/usr/fatwi56 |
| 48 | freeasy22 | https://www.ebay.com/str/freeasy22 |
| 49 | huohuashi02 | https://www.ebay.com/str/huohuashi02 |
| 50 | imaxcity1002 | https://www.ebay.com/str/imaxcity1002 |
| 51 | lalawenchang | https://www.ebay.com/str/lalawenchang |
| 52 | Little White Rabbit Digital 2023 | https://www.ebay.com/str/ouda2022 |
| 54 | qubm6881 | https://www.ebay.com/str/qubm6881 |
| 55 | tracey_beansley | https://www.ebay.com/usr/tracey_beansley |

| DOE No. | Seller Name | Defendant Online Marketplace |
|---|---|---|
| 57 | A ALLISON HOME | https://us.shein.com/store/home?store_code=5799004365 |
| 58 | admire | https://us.shein.com/store/home?store_code=1090013730 |
| 60 | AOYIKANG | https://us.shein.com/store/home?store_code=2678892995 |
| 62 | ATSM | https://us.shein.com/store/home?store_code=6092526577 |
| 64 | Bag market store | https://us.shein.com/store/home?store_code=9686934874 |
| 65 | BAGWORLD | https://us.shein.com/store/home?store_code=1723951117 |
| 66 | Beautiful Face | https://us.shein.com/store/home?store_code=8856229808 |
| 69 | CXYaaa | https://us.shein.com/store/home?store_code=4605731084 |
| 74 | Early Bird Peng | https://us.shein.com/store/home?store_code=4896282023 |
| 75 | ELINOR | https://us.shein.com/store/home?store_code=1314055063 |
| 77 | FANRAN | https://us.shein.com/store/home?store_code=6682333318 |
| 78 | FengLai | https://us.shein.com/store/home?store_code=2552983997 |
| 79 | Five Members | https://us.shein.com/store/home?store_code=2793754884 |
| 82 | Good fortune Living | https://us.shein.com/store/home?store_code=1758566958 |
| 83 | Goviyar Makeup Tool | https://us.shein.com/store/home?store_code=9922486233 |
| 84 | GuteUnit Store | https://us.shein.com/store/home?store_code=2813578852 |
| 86 | homiaobaihuo | https://us.shein.com/store/home?store_code=3398763633 |
| 89 | HSCommodity | https://us.shein.com/store/home?store_code=2264061372 |
| 92 | JHyitian | https://us.shein.com/store/home?store_code=4214908770 |
| 98 | Lechay | https://us.shein.com/store/home?store_code=3870624673 |
| 99 | Liberal order | https://us.shein.com/store/home?store_code=3944563403 |
| 100 | Lucky Grass | https://us.shein.com/store/home?store_code=6891917684 |
| 101 | luehe | https://us.shein.com/store/home?store_code=9497711126 |
| 104 | Mr Hu Department | https://us.shein.com/store/home?store_code=9508907385 |
| 105 | MUB Perfume Bottles | https://us.shein.com/store/home?store_code=1192880873 |
| 107 | Onlylove-MW | https://us.shein.com/store/home?store_code=7430593102 |
| 109 | Pin Yi | https://us.shein.com/store/home?store_code=4166357058 |
| 110 | QIAQU | https://us.shein.com/store/home?store_code=9920455733 |
| 112 | QiBanHua | https://us.shein.com/store/home?store_code=6170096535 |
| 113 | qushengbaihuo | https://us.shein.com/store/home?store_code=4893307485 |
| 114 | Seibam | https://us.shein.com/store/home?store_code=3177671121 |
| 115 | sentianbaihuo | https://us.shein.com/store/home?store_code=8566747224 |
| 116 | SGrunxing | https://us.shein.com/store/home?store_code=9763231332 |
| 117 | ShiAo | https://us.shein.com/store/home?store_code=1331217392 |
| 122 | Yi Qing | https://us.shein.com/store/home?store_code=1530847134 |
| 123 | YiYuan Perfume Bottle | https://us.shein.com/store/home?store_code=4064525383 |
| 130 | YWJINGXUAN | https://us.shein.com/store/home?store_code=6131605857 |
| 131 | YWourui | https://us.shein.com/store/home?store_code=4828300032 |
| 132 | YWZF | https://us.shein.com/store/home?store_code=6942426589 |
| 136 | Creek Crossing | https://www.temu.com/uk/creek-crossing-m-634418210864587.html |
| 138 | Liff Home Life | https://www.temu.com/--m-2179907328545.html |

| DOE No. | SELLER NAME | Defendant Online Marketplace |
|---|---|---|
| 139 | MUFY MAKEUP BRUSH | https://www.temu.com/-makeup-brush-m-634418213072536.html |
| 140 | Northern Moon | https://www.temu.com/cz-en/-moon-m-634418217582362.html |
| 141 | PDStar | https://www.temu.com/-m-634418215117876.html |
| 144 | Cainana | https://www.walmart.com/global/seller/102500963 |
| 145 | dong xu | https://www.walmart.com/global/seller/101693012 |
| 147 | foshanshilingxuanlongshangmao | https://www.walmart.com/global/seller/102486104 |
| 148 | Hand Jet | https://www.walmart.com/reviews/seller/101526089 |
| 150 | LINKALL | https://www.walmart.com/global/seller/101342176 |
| 151 | LUCKY COKIE | https://www.walmart.com/reviews/seller/101086810 |
| 152 | LUNUAOE | https://www.walmart.com/reviews/seller/101676379 |
| 153 | MoHern | https://www.walmart.com/global/seller/101096051 |
| 156 | shaoshanshizicong | https://www.walmart.com/global/seller/102497584 |
| 158 | Uralili Co., Ltd | https://www.walmart.com/reviews/seller/101176856 |
| 159 | xiangtancikeli | https://www.walmart.com/global/seller/102507466 |
| 160 | yunmujia09 | https://www.walmart.com/global/seller/101686648 |